# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:04-CR-135
No. 1:08-CR-33

United States of America

v.

Xavier Joseph Duplechain
                              Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," in No. 1:04-CR-135, filed October 23, 2009, and No. 1:08-CR-33, filed October 26, 2009, alleging violations of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

In the proceeding bearing the Clerk's docket No. 1:04-CR-135, defendant was sentenced on June 14, 2005, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Less than 500 grams of Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of II, was 46 to 57 months. Defendant was subsequently sentenced to 46 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure, substance abuse treatment, and no contact with co-defendants.

On March 13, 2009, defendant was sentenced before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Escape, a Class D felony, in the proceeding bearing the docket No. 1:08-CR-33. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of IV, was 8 to 14 months. Defendant was subsequently sentenced to 4 months imprisonment, to run consecutively to the undischarged term of imprisonment under No. 1:04-CR-135, followed by a 2 term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment.

## II. The Period of Supervision

On March 23, 2009, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 23, 2009 in No. 1:04-CR-135 and filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 26, 2009 in No. 1:08-CR-33. The petitions allege that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Mandatory Condition: | If judgment imposes a fine or restitution, it is a condition of supervised release that defendant shall pay in accordance with the Schedule of Payments sheet of the judgment. |
| Standard Condition: | Defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such |

time as the defendant is released from the program by the probation officer.

As grounds, the petition alleges that defendant admitted during an office visit on August 10, 2009 to using marijuana in July, 2009. Defendant failed to pay his $100 special assessment. Further, defendant allegedly failed to report to the probation officer, as directed, return phone calls and failed to secure employment. Finally, defendant allegedly failed to participate fully in the random urinalysis program by failing to call the telephone line nightly, as required, and failing to submit to urinalysis, as directed. Defendant missed more than 12 drug screens and has not attended any individual and group substance abuse treatment appointments.

## IV. Proceedings

On November 30, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the court should revoke defendant's supervised release and impose 10 months imprisonment in each cause to run concurrently, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction in No. 1:04-CR-135 was a Class C felony and the original offense of conviction in No. 1:08-CR-33 was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when

modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by failing to refrain from unlawful use of a controlled substance. Defendant's violation is a Grade C violation with policy guidelines suggesting 4 to 10 months imprisonment upon revocation.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation. The sentencing

objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 10 months in each cause to run concurrently, with no term of supervised release to follow.

4. Defendant should be required to pay to the United States his outstanding special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

5. It is recommended defendant's period of imprisonment be located in the Beaumont, Texas Bureau of Prison facility.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge

imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 30 day of November, 2009.

_____
Earl S. Hines
United States Magistrate Judge